# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TERESA ZUNIGA, | § | |
| *Plaintiff*, | § § | Civil Action No. 4:19-cv-355 |
| | § | Judge Mazzant |
| v. | § § | |
| WALMART STORES TEXAS, LLC, | § § | |
| *Defendant*. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion to Dismiss Certain Claims in Plaintiff's First Amended Petition, Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #15) and Defendant's Motion for Summary Judgment and Brief in Support (Dkt. #19). After consideration, the Court finds that both motions should be **DENIED**.

## BACKGROUND

On September 9, 2019, Defendant filed a motion to dismiss (Dkt. #15). Plaintiff did not file a response.

On November 8, 2019, Defendant filed a motion for summary judgment (Dkt. #19). On December 10, 2019, Plaintiff filed a response (Dkt. #21). On December 19, 2019, Defendant filed a reply (Dkt. #34). On December 25, 2019, Plaintiff filed a sur-reply (Dkt. #35).

## LEGAL STANDARD

### I.    12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each

claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims

or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## II. Summary Judgment

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or

defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

### I. 12(b)(6)

Defendant moved to dismiss and strike Paragraph 10 of Plaintiff's first amended petition on the ground that Plaintiff fails to state any factual allegations in support of her malice and gross negligence claims.

After consideration, the Court finds that Plaintiff has adequately stated at least plausible claims for gross negligence and malice upon which relief could be granted. Accordingly, Plaintiff's pleadings are sufficient to survive a motion to dismiss under Rule 12(b)(6).

4

## II.     Summary Judgment

Defendant moved for summary judgment on the ground that no genuine issue of material fact exists as to (1) whether Defendant had actual or constructive notice of the alleged condition giving rise to Plaintiff's injury; and (2) whether Defendant's conduct was the proximate cause of Plaintiff's injury.  After a careful review of the record and the arguments presented, the Court is not convinced that Defendant has met its burden of demonstrating that there is no genuine issue of material fact as to these elements of premises liability that would entitle it to judgment as a matter of law.  Accordingly, the Court finds that Defendant's motion for summary judgment should be denied.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss Certain Claims in Plaintiff's First Amended Petition, Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #15) and Defendant's Motion for Summary Judgment and Brief in Support (Dkt. #19) are **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 31st day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE